

RECEIVED
SEP 02 2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

Hector M Basavesoto,

v.

**JOHN DOE et al.,**

Respondents.

1:25-cv-10447
Judge John Robert Blakey
Magistrate Judge Beth W. Jantz
RANDOM / CAT.2

## PETITION FOR DECLARATORY JUDGMENT
### (28 U.S.C. § 2201; Fed. R. Civ. P. 57)

**COMES NOW**, the Petitioner, appearing *in propria persona sui juris*, and respectfully petitions this Honorable Court pursuant to 28 U.S.C. § 2201 and *Federal Rule of Civil Procedure 57* for a declaratory judgment determining whether the alleged acts of surveillance, harassment, and interference with Petitioner's rights violate the United States Constitution. In support thereof, Petitioner states as follows:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343(a)(3) (civil rights jurisdiction), and 28 U.S.C. § 2201 (*Declaratory Judgment Act*).

2. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred within this judicial district.

## II. PARTIES

3. Petitioner is a private citizen of the United States and resides in this District. Petitioner brings this action as a pro se litigant seeking constitutional clarity and protection from ongoing alleged government-related surveillance and harassment.

4. Respondents are presently unknown individuals and/or government agents acting under color of law, including but not limited to law enforcement or affiliated private contractors, whose specific identities will be determined through discovery.

## III. FACTUAL BACKGROUND

5. Beginning in or around **2016,** Petitioner became the target of persistent, unexplained surveillance activities. These include—but are not limited to—unmarked vehicles parked outside Petitioner's home, vehicles with fictitious, stolen plates, phone and internet interference, and community-based harassment.

6. Petitioner has never been formally charged with any crime or notified of any lawful investigation. Petitioner has attempted to report these incidents to local

and federal agencies, but no substantive response or explanation has been provided.

7. In addition to electronic surveillance, Petitioner has experienced coordination between neighbors, and unknown actors to follow, intimidate, and undermine the Petitioner's autonomy and livelihood.

8. Petitioner asserts that these activities are part of a coordinated campaign of extrajudicial targeting carried out either by or with the knowledge of governmental entities acting under the color of law.

## IV. LEGAL BASIS FOR RELIEF

9. The Fourth Amendment to the U.S. Constitution guarantees the right of individuals to be free from unreasonable searches and seizures. In *Katz v. United States*, 389 U.S. 347 (1967), the Supreme Court established that the government violates this right when it intrudes upon a person's reasonable expectation of privacy without a warrant or lawful basis. Petitioner alleges precisely such conduct.

10. In *United States v. Jones*, 565 U.S. 400 (2012), the Court held that warrantless GPS tracking of a private vehicle constituted a search under the Fourth Amendment. Petitioner alleges ongoing electronic tracking and physical surveillance of this nature without any judicial oversight or probable cause.

11. The First Amendment prohibits retaliation against individuals for exercising their rights to speak, assemble, or petition the government. As held in *Hartman v. Moore*, 547 U.S. 250 (2006), retaliatory conduct by state actors violates core constitutional freedoms. Petitioner asserts that they are being targeted in response to past whistleblowing, activism, or protected expression.

12. The Due Process Clause of the Fourteenth Amendment requires that individuals not be deprived of life, liberty, or property without adequate notice and opportunity to be heard. See *Goldberg v. Kelly*, 397 U.S. 254 (1970). Petitioner has experienced employment loss, housing interference, and reputational harm without explanation or recourse.

13. The Supreme Court has held that abuse of executive power "that shocks the conscience" can violate substantive due process. *County of Sacramento v. Lewis*, 523 U.S. 833 (1998). The systematic and prolonged nature of the alleged conduct meets this threshold.

14. The deliberate use of third parties, including community members, landlords, and co-workers, to inflict harm under state supervision may give rise to liability under 42 U.S.C. § 1983. See *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).

15. Additionally, the use of surveillance or intimidation without charge or accountability violates the constitutional principle outlined in *Albright v. Oliver*,

510 U.S. 266 (1994), which condemns arbitrary government action intended to control or stigmatize citizens without lawful process.

16. The ongoing failure of public institutions to investigate or intervene constitutes deliberate indifference, a standard for § 1983 liability outlined in *Farmer v. Brennan*, 511 U.S. 825 (1994).

17. Finally, under the Declaratory Judgment Act, 28 U.S.C. § 2201, courts are authorized to declare the rights of parties where an actual controversy exists. As reaffirmed in *Steffel v. Thompson*, 415 U.S. 452 (1974), declaratory relief may be appropriate even absent a formal prosecution, especially where constitutional rights are actively threatened.

## V. PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

a) Enter a declaratory judgment stating whether the acts alleged—if true—violate Petitioner's rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution;

b) Declare that surveillance, harassment, or extrajudicial punishment carried out without due process, lawful authority, or oversight is unconstitutional;

c) Declare that Petitioner has a right to be free from targeted government-orchestrated intimidation, coercion, or harassment; and

d) Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Hector M Basavesoto*

Hector M Basavesoto
2307 N tripp
Chicago, IL, 60639
773.396.1543
hbasave312@gmail.com

Date:_____

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF ILLINOIS

**Hector M Basavesoto,**          )
                                  )
    Petitioner,           )
                                  )
    v.                    )
                                  )
**JOHN DOE et al.,**              )
                                  )
    Respondents.          )

## ORDER

NOW THIS\_\_\_\_\_Day of_____, it is the order of the Court that the Petitioner's *Declaratory Judgment* is **granted/ denied** for the following reasons:_____

_____

_____

_____

_____

                        _____
                                      Judge

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Hector M Basavesoto,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| **JOHN DOE et al.,** | ) |
| | ) |
| Respondents. | ) |

## CERTIFICATE OF MAILING

I, <u>Hector M Basavesoto</u>, do hereby certify that I have caused a true and complete copy of the foregoing *Petition for Declaratory Judgment* to mailed to the following, by placing the same in U.S.P.S. this _____Day of _____, 202_____:


[U.S. Attorney General's Office in Petitioner's Home Jurisdiction]
[U.S. AG's Office Address]
[U.S. AG'S Office City, State, and ZIP]


Date:_____

_____
Hector M Basavesoto
2307 N Tripp
Chicago, IL, 60639
773.396.1543
hbasave312@gmail.com